Matter of Fournier (2022 NY Slip Op 03386)





Matter of Fournier


2022 NY Slip Op 03386


Decided on May 25, 2022


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2021-03659

[*1]In the Matter of James Joseph Fournier, an attorney and counselor-at-law. (Attorney Registration No. 2835122)



The respondent was admitted to the Bar in the State of New York at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on July 14, 1997. By order to show cause dated June 24, 2021, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by an order of the Court of Appeals of Maryland, dated August 14, 2020.



Diana Maxfield Kearse, Brooklyn, NY (Thomas J. Murphy of counsel), for the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.



PER CURIAM.


OPINION & ORDER
By order dated August 14, 2020, the Court of Appeals of Maryland imposed an indefinite suspension on the respondent from the practice of law, effective as of the date of the order, for his violation of Maryland Attorneys' Rules of Professional Conduct (hereinafter MARPC) rules 1.1 (competence),1.2 (scope of representation), 1.3 (diligence), 1.4 (communication), 3.3(a)(1) (candor toward the tribunal), 8.1(b) (bar admission and disciplinary matters), and 8.4(a) (violating MARPC), (c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and (d) (conduct prejudicial to the administration of justice).
The Maryland Disciplinary Proceeding 
The respondent was admitted to the Maryland Bar on June 25, 2004, and he maintained his law office in the District of Columbia. The respondent's misconduct stemmed from his representation of Clifton K. Broumand and Broumand's company, Man & Machine, Inc. (hereinafter MMI), between 2014 and 2018. MMI commenced a civil action against Seal Shield, LLC, in the United States District Court for the District of Maryland, alleging trademark infringement, false marketing, and unfair competition. During the litigation, the respondent failed to comply with the Federal Rules of Civil Procedure and court orders related to discovery. As a result, one of MMI's necessary expert witnesses was precluded from testifying at trial. There were also discovery disputes during the litigation, and the court found that the respondent's statements to the court regarding these disputes were "not candid or credible," although the statements apparently were made as a result of the respondent's lack of diligence, rather than an intent to deceive the court.
On September 27, 2019, the Attorney Grievance Commission of Maryland filed a Petition for Disciplinary or Remedial Action in the Court of Appeals of Maryland. On September 30, 2019, the matter was transferred to the Circuit Court for Montgomery County to be heard and determined by the Honorable Debra L. Dwyer. A hearing was scheduled, but postponed twice due to a statewide closing of the courts in response to the COVID-19 pandemic. Thereafter, the parties [*2]filed a joint petition whereby the respondent consented to an indefinite suspension and admitted that if a hearing were held, sufficient evidence could be produced to establish that he violated MARPC rules 1.1, 1.2, 1.3, 1.4, 3.3(a)(1), 8.1(b), and 8.4(a), (c), and (d). The respondent consented to an indefinite suspension, which consent was given freely and voluntarily, and without coercion or duress. The respondent admitted that he failed to adequately communicate with his client during the MMI litigation, failed to respond to Maryland Bar Counsel's requests for information "in any manner," and failed to respond to the Attorney Grievance Commission of Maryland's interrogatories and requests for documents.
The parties agreed that the aggravating factors were: (1) multiple rule violations; (2) bad faith obstruction of the disciplinary process; and (3) the respondent's substantial experience in the practice of law. The mitigating factors were: (1) the respondent's lack of a prior disciplinary history; and (2) his personal and emotional problems as set forth in a report of an independent medical evaluation.
The respondent further agreed that he would not seek reinstatement until he has been deemed fit to practice law by a medical provider acceptable to Maryland Bar Counsel.
In an order dated August 14, 2020, the Court of Appeals of Maryland suspended the respondent indefinitely, finding that he violated the Maryland Attorneys' Rules of Professional Conduct as set forth in the joint petition. The order, however, did not impose any conditions regarding the respondent's reinstatement.
The District of Columbia Disciplinary Proceeding 
On February 1, 2021, the District of Columbia Court of Appeals suspended the respondent pending resolution of the matter and directed the respondent to show cause why equivalent discipline in the form of an indefinite suspension with a fitness requirement and the right to seek reinstatement after five years or reinstatement in Maryland, whichever occurs first, should not be imposed. The respondent failed to respond to the order to show cause, and on April 15, 2021, the District of Columbia Court of Appeals imposed the sanction as described in the order to show cause.
New York Proceeding 
This Court and the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts have no record of being notified by the respondent of the orders of discipline in Maryland or the District of Columbia, as required by 22 NYCRR 1240.13(d). The Grievance Committee was notified of the Maryland and the District of Columbia orders by a letter, dated April 15, 2021, from the District of Columbia Office of Disciplinary Counsel, informing the Grievance Committee that the District of Columbia Court of Appeals had reciprocally disciplined the respondent by order dated April 15, 2021, based on the order of the Court of Appeals of Maryland dated August 14, 2020.
By order to show cause dated June 24, 2021, this Court directed the respondent to show cause why discipline should not be imposed upon him pursuant to 22 NYCRR 1240.13, based on the misconduct underlying the discipline imposed by order of the Court of Appeals of Maryland dated August 14, 2020, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court, with proof of service upon the Grievance Committee on or before August 16, 2021. Although the respondent was duly served with the order to show cause dated June 24, 2021, he has neither submitted a response thereto, nor requested additional time to respond. Accordingly, there is no impediment to the imposition of reciprocal discipline.
Findings and Conclusion 
Based on the admitted misconduct underlying the discipline imposed by the order of the Court of Appeals of Maryland dated August 14, 2020, we find that the imposition of reciprocal discipline is warranted, and conclude that the respondent should be suspended from the practice of law for a period of one year. Any future application for reinstatement is conditioned upon the respondent furnishing, upon filing, written proof of his reinstatement to the Maryland Bar.
LASALLE, P.J., DILLON, DUFFY, BARROS and CONNOLLY, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, James Joseph Fournier, is suspended from the practice of law for a period of one year, effective June 24, 2022, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than March 24, 2023. In such application (see id. §§ 691.11, 1240.16), the respondent shall furnish [*3]satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that during the period of suspension and until further order of the Court, the respondent, James Joseph Fournier, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of the Court, the respondent, James Joseph Fournier, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, James Joseph Fournier, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f); and it is further,
ORDERED that any future application for reinstatement is conditioned upon the respondent furnishing, upon filing, written proof of his reinstatement to the Maryland Bar.
ENTER:
Maria T. Fasulo
Clerk of the Court